UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICK ROY BOWLER, et al., | CASE NO. C11-6034 RJB |
| Plaintiffs, | ORDER |
| v. | |
| FERGUSON ENTERPRISES, INC, | |
| Defendants. | |

This matter comes before the court on Defendants Uponor, Inc.; Anders Tollsten; Ferguson Enterprises, Inc.; Frank W. Roach; Wolseley, PLC (Appearing Specially and Solely to Contest Service and Jurisdiction): and Ian K. Meakins' (Appearing Specially and Solely to Contest Service and Jurisdiction) Motion to Quash Service of Process Pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5), and to Dismiss Plaintiffs' Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(2).  Dkt. 38. The court has considered the relevant documents and the remainder of the file herein.

ORDER- 1

|   |   |
|---|---|
| 1 | PROCEDURAL HISTORY |
| 2 | On December 19, 2011, Plaintiff filed a complaint for damages alleging (1) violations of |
| 3 | the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§1962(c) and (d), 1964(c), |
| 4 | 1341, and 1343; (2) wrongful death pursuant to RCW 4.20.010; and (3) intentional infliction of |
| 5 | emotional distress.  Dkt. 1.  Plaintiff filed the case *pro se*, and named the Estate of Marilee J. |
| 6 | Thompson-Bowler as a plaintiff. |
| 7 | The complaint names the following defendants:  Ferguson Enterprises, Inc., a Virginia |
| 8 | Corporation, and Frank W. Roach, in his personal capacity, and as President and Chief Executive |
| 9 | Officer of Ferguson Enterprises, Inc., and as CEO of Wolseley North American Management |
| 10 | Team; Wolseley plc, a Jersey, UK Corporation and Ian K. Meakins in his personal capacity and |
| 11 | as its Group Chief Executive; Uponor, Inc., an Illinois Corporation, and Anders Tollsten, in his |
| 12 | personal capacity, as well as Chief Executive Officer; Unique Industrial Products Company LP, |
| 13 | a Texas Company, and Jugal Malani, in his individual capacity and as Partner and President of |
| 14 | Unique, and Pradeep Krishna Gupta, in his individual capacity and as Partner and President of |
| 15 | Unique; and Duksan Metal Company LTD, a Republic of South Korea Company, and Jun Ho-|
| 16 | Duk, in his individual capacity and as President; and John Does 1-100.  Dkt. 1. |
| 17 | On July 10, 2012, this Court entered a Minute Order directing Plaintiff to show cause |
| 18 | why this action should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil |
| 19 | Procedure 41(2)(b).  Dkt. 8.  The Order stated that the complaint may be dismissed without |
| 20 | further notice to Plaintiff on August 10, 2012, unless the Plaintiff filed the required Joint Status |
| 21 | Report or otherwise showed good cause.  *Id.*  On August 9, 2012, Plaintiff filed a Memorandum |
| 22 | in which he stated that he "did receive a letter from H. Miles Cohn who represented Defendant |
| 23 | Unique Industrial Products Company. Mr. Cohn informed me that this lawsuit was stayed |
| 24 | |

pending approval of a class action settlement in United States District Court for the District of Minnesota, Judge Ann Montgomery." Dkt. 10, at 2.  Plaintiff attached Judge Montgomery's order of January 19, 2012, which states that

> Accordingly, the Court hereby orders that any actions or proceedings pending in any court the United States involving an RTI F1807 system, except any matters necessary to implement, advance, or further approval of the Agreement or settlement process, are stayed pending the Final Fairness Hearing and the issuance of a Final Order and Judgment.

Dkt. 10-1, at 23; *In re Uponor, Inc., F1807 Plumbing Fittings Product Liability Litigation,* Court File No. 11-MD-2247-ADM/JJK, at 22.

On August 22, 2012, the court reset the date for filing a joint status report, to October 22, 2012.  Dkt. 1. In the order, the court stated as follows:

> The Court will extend the deadlines once more.  However, if Plaintiff fails to properly serve Defendants or otherwise comply with the deadlines, this matter will be dismissed, without further notice to Plaintiff, for failure to prosecute.

Dkt. 11, at 2.  As of this date, a Joint Status Report has not been filed.

Unique Industrial Products Company, LP, Jugal Malani, and Pradeep Krishna Gupta (Unique) filed a Notice of Appearance on November 6, 2012.  Dkt. 22.  Also on November 6, 2012, Unique filed a Motion to Dismiss for Failure to State a Claim.  Dkt. 24.

On November 16, 2012, the court issued an order, requesting that the parties clarify the status of the multi-district litigation occurring in the District Court for the District of Minnesota (*In re Uponor, Inc.*, F1807 Plumbing Fittings Product Liability Litigation, 11-MD-2247) as it relates to this action, if at all, and clarify whether a final order and judgment has been issued by the court in *In re Uponor*.  The court stated that clarification on these issues would help this Court determine if Plaintiff's complaint is properly before this Court. Dkt. 26.  On November 21, 2012, Unique filed a response to

1  the court's Order requesting clarification, contending that this case is excluded from the
2  MDL and is properly before this Court because (1) Plaintiff seeks personal injury
3  damages, which are excluded from the MDL settlement; and (2) Plaintiff alleges RICO
4  violations, which are not based on the same underlying factual predicates and legal
5  theories as are the claims in the MDL.  Dkt. 32.  On November 23, 2012, Plaintiff filed a
6  response to the Court's order requesting clarification, arguing that this case is excluded
7  from the MDL "due to the facts alleged in [the] complaint."  Dkt. 35.

8        On November 18, 2012, Plaintiff filed documents, showing that the summons and
9  complaint were sent to all of the Defendants except Duksan Metal Company LTD, a
10 Republic of South Korea Company, and Jun Ho-Duk, in his individual capacity and as
11 President.  Dkt. 27, 28, 29, and 30.  Plaintiff also filed documents showing receipt of
12 Certified Mail.  Dkt. 31.

13       On November 23, 2012, Plaintiff filed a Response to Unique's Motion to Dismiss.
14 Dkt. 34.  In the conclusion of his response, Plaintiff requests that the Court enter default
15 as to all Defendants, except Unique, for their lack of response to the summons, and
16 "allow defendants Unique et al to complete the Joint Status Report which Plaintiff has
17 been holding while waiting for counsel."  Dkt. 34, at 7.

18       On November 27, 2012, Plaintiff filed a Motion for Leave to Amend the
19 Summons and Complaint "to clarify service and detail allegations under FRCP 9(b) and
20 FRCP 12(b)(6)."  Dkt. 36.

21       On November 28, 2012, Uponor, Inc.; Anders Tollsten; Ferguson Enterprises,
22 Inc.; Frank W. Roach; Wolseley PLC; and Ian K. Meakins (Uponor/Ferguson/Wolseley
23 defendants) filed a Motion to Quash Service of Process Pursuant to Federal Rules of Civil
24

1  Procedure 12(b)(4) and 12(b)(5), and to Dismiss Plaintiffs' Complaint Pursuant to

2  Federal Rule of Civil Procedure 12(b)(2).  Dkt. 38.

3  On December 3, 2012, the court issued an order, stating as follows: "Due to the

4  filing of the Motion to Quash (Dkt. 30 ) noted for December 21, 2012, all pending

5  motions, including the Motion to Dismiss (Dkt. 24 ) and the Motion for Leave to Amend

6  the Summons and Complaint (Dkt. 36 ) are hereby renoted for December 28, 2012."  Dkt.

7  39.

## ISSUES BEFORE THE COURT

9  The following issues are before the court in this Order:  First, the court will

10  address Uponor, Inc. and Anders Tollsten (Uponor); Ferguson Enterprises, Inc. and Frank

11  W. Roach (Ferguson); Wolseley PLC and Ian K. Meakins's (Wolseley) Motion to Quash

12  Service of Process Pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5),

13  and to Dismiss Plaintiffs' Complaint Pursuant to Federal Rule of Civil Procedure

14  12(b)(2).  Dkt. 38.  Second, whether this case may be dismissed, in light of the Court's

15  August 22, 2012 order requiring that a Joint Status Report be filed by October 22, 2012.

16  Dkt. 11.  It appears that this case is properly before this Court, and is not included in *In re*

17  *Uponor, Inc.*, F1807 Plumbing Fittings Product Liability Litigation, 11-MD-2247.

18  Finally, the court will address the pending motions (Dkt. 24 and 36).

## MOTION TO QUASH AND TO DISMISS

20  In their motion to quash and to dismiss, Uponor/Ferguson/Wolseley Defendants

21  contend that service was not effectuated on any of the defendants because plaintiff did

22  not comply with the requirements under Fed.R.Civ.P. 4; and Mr. Meakins and/or

23  Wolseley PLC wish to preserve their right to pursue a Fed.R.Civ.P. 12(b)(2) motion to

24

1 dismiss for lack of personal jurisdiction, in the event that Plaintiff is able to successfully
2 serve Defendants.

3 Plaintiff did not file a response to the motion.

## DISCUSSION

**Motion to Quash**. Pursuant to Fed.R.Civ.P. 12(b)(5), a party may assert, by motion, insufficient service of process.

1. *Service of Process on Anders Tollsten, Frank Roach and Ian Meakins Individually*

Plaintiff sent a copy of the summons and complaint to these individuals, at addresses in the United States.  Pursuant to Fed.R.Civ.P. 4(e), service upon individuals within a judicial district of the United States is to be effected by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or by delivering a copy of the summons and complaint to the individual personally, by leaving copies of those materials at the individual's dwelling/place of abode  with someone of suitable age and discretion who resides there, or by delivering a copy of those documents to an agent authorized to receive service of process.  The law in the State of Washington does not materially vary from that referenced in Fed.R.Civ.P. 4(e).   Plaintiff has not shown that Mr. Roach and Mr. Tollsten (assuming he resided in the United States at the time of the attempted service by mail) were personally served.  Mr. Meakins does not reside in the United States, and plaintiff has not shown that he complied with Fed.R.Civ.P. 4(f) concerning service upon individuals in a foreign country.  Service on the Mr. Tollsten, Mr. Roach,

and Mr. Meakins in their individual capacities was not effectuated according to Fed.R.Civ.P. 4.

2. *Timeliness of Service*

None of the summonses sent by plaintiff to any of the named defendants was issued within the 120 days provided for under Fed.R.Civ.P. 4(m). Plaintiff has not shown good cause for failing to timely serve defendants.

3. *Service on Ferguson Enterprises , Inc. and Frank W. Roach as Chief Executive Officer*

Pursuant to Fed.R.Civ.P. 4(h)(1), service upon a domestic or foreign corporation is to be effected by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Plaintiff mailed a copy of the summons and complaint to Mr. Roach, at an address in Virginia. Even assuming that Mr. Roach was an agent for Ferguson Enterprises, Inc., for purposes of service, a copy of the summons and complaint was not delivered to him personally. Service of the process was insufficient.

4. *Service upon Uponor, Inc. and Anders Tollsten as Chief Executive Officer*

Plaintiff attempted to serve Uponor by mail through Mr. Tollsten as CEO. After December 31, 2011, Mr. Tollsten was not affiliated with Uponor, Inc.; a copy of the summons and complaint was not delivered to an officer, managing or general agent or to

1 any other agent authorized by appointment of law to receive service of process, as is
2 required by Fed.R.Civ.P. 4(h).  Nor was the summons and complaint personally served
3 on an agent of Uponor, Inc.  Service on Uponor, Inc., through Anders Tollsten, was not
4 effectuated according to Fed.R.Civ.P. 4(h).

5     5. *Service upon Wolseley PLC and Ian K. Meakins*

6     Plaintiff attempted to serve Wolseley PLC by mail through Ian Meakins as Group
7 Chief Executive.  The summons and complaint were sent to an address in Virginia that is
8 associated with Ferguson Enterprises.  Wolseley PLC is a Jersey, UK Corporation; and
9 Mr. Meakins is a non-resident of the United States and a foreign citizen.  Serving a U.S.
10 subsidiary (Ferguson) of a foreign corporation (Wolseley) is not adequate to effectuate
11 service of process upon the foreign corporation. *See State v. Northwest Magnasite*
12 *Company*, 28 Wn.2d 1 (1947); Dam v. General Electric Company, 111 F.Supp. 342 (E.D.
13 Wash. 1953); *Davies v.* Jobs 7 Adverts Online, Gmbh, 94 F.Supp. 2d 719 (E.D. VA
14 2000).  Further, Plaintiff did not comply with the procedure set forth in Fed.R.Civ.P. 4(h)
15 and (f) in serving a Wolseley, a foreign country corporation.   Service on Wolseley was
16 not effectuated in accord with Fed.R.Civ.P. 4(h).

17     **Conclusion on Motion to Quash.**  Because Plaintiff failed to properly effectuate
18 service in accord with Fed.R.Civ.P. 4,  Defendants Uponor, Inc.; Anders Tollsten;
19 Ferguson Enterprises, Inc.; Frank W. Roach; Wolseley, PLC (Appearing Specially and
20 Solely to Contest Service and Jurisdiction): and Ian K. Meakins' (Appearing Specially
21 and Solely to Contest Service and Jurisdiction) Motion to Quash Service of Process
22 Pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) (Dkt. 38) should be
23 granted, and the summonses issued to these defendants should be quashed.
24

1        **Dismissal**.  The Unique defendants appeared through counsel.  Duksan Metal
2   Company Ltd, a Republic of South Korea Company; and Jun, Ho-Duk in his individual
3   capacity and as its President, have not appeared, and the record does not show that these
4   defendants have been served in accord with Fed.R.Civ.P. 4.  On August 22, 2012, the
5   court informed plaintiff that the court would extend the deadlines once more, but if
6   Plaintiff failed to properly serve Defendants or otherwise comply with the deadlines, this
7   matter would be dismissed on October 22, 2012, without further notice to Plaintiff, for
8   failure to prosecute.  Plaintiff has not properly served all of the defendants in this case.
9   Pursuant to the December 22, 2011 Minute Order Regarding Initial Disclosures, Joint
10  Status Report and Early Settlement (Dkt. 4), Plaintiff was informed that he was
11  responsible for starting communications needed to comply with the order.  Because all of
12  the defendants who have been named have not been properly served, and because all of
13  the defendants have not appeared, and because the defendants who filed the motion to
14  quash have been successful in obtaining that relief, a joint status report is not possible.
15         Plaintiff is proceeding *pro se*.  "Pro se litigants must follow the same rules of procedure
16  that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987).  A district court
17  may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal
18  Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to
19  comply with the court's orders. *See Chambers v. NASCO, Inc*., 501 U.S. 32, 44 (1991)
20  (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); *Hells
21  Canyon Preservation Council v. U.S. Forest Serv*., 403 F.3d 683, 689 (9th Cir.2005) (courts may
22  dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's
23  failure to prosecute or comply with the rules of civil procedure or the court's orders); *Ferdik v.*
24

1   *Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992) ("Pursuant to Federal Rule of Civil Procedure
2   41(b), the district court may dismiss an action for failure to comply with any order of the
3   court."), *cert. denied*, 506 U.S. 915 (1992); *Thompson v. Housing Auth. of City of L.A.*, 782 F.2d
4   829, 831 (9th Cir.1986) (district courts have inherent power to control their dockets and may
5   impose sanctions including dismissal), *cert. denied*, 479 U.S. 829 (1986).

6         This case was filed December 19, 2011, a year ago.  Plaintiff has not been successful in
7   even initiating the lawsuit against the named defendants.  While it apparent that he has attempted
8   to serve defendants, that service has been defective.  Plaintiff has been afforded additional time
9   to accomplish service on defendants.  There is no reason to believe that Plaintiff would be able to
10  prosecute this case, given the complicated nature of the complaint and the location of the various
11  defendants.  This complaint should be dismissed without prejudice.  Plaintiff is not precluded
12  from pursuing his claims in a new lawsuit, although the Court makes no decision whether such a
13  lawsuit would be precluded by a statute of limitations.

14        On November 6, 2012, Unique filed a motion to dismiss, contending that the complaint
15  fails to state a claim.  Dkt. 24.   On November 27, 2012, Plaintiff filed a motion "to amend the
16  original Summons and Complaint to clarify service and detail allegations under FRCP 9(b) and
17  FRCP 12(b)(6). Dkt. 36. In light of the motion to quash, the court renoted all pending motions,
18  including Unique's motion to dismiss and Plaintiff's motion to amend, to December 28, 2012;
19  those motions are moot.  The court notes that Plaintiff had the opportunity to "clarify" service
20  issues in response to the motion to quash.  Further, Plaintiff was not prohibited at any time from
21  filing certificates of service showing that all defendants had been properly served; he did not do
22  so.

23
24

1     Accordingly, it is hereby **ORDERED** that Defendants Uponor, Inc.; Anders Tollsten; Ferguson Enterprises, Inc.; Frank W. Roach; Wolseley, PLC (Appearing Specially and Solely to Contest Service and Jurisdiction): and Ian K. Meakins' (Appearing Specially and Solely to Contest Service and Jurisdiction) Motion to Quash Service of Process Pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5), and to Dismiss Plaintiffs' Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(2) (Dkt. 38) is **GRANTED**. The summonses issued to the above Defendants are **QUASHED**.

    It is further **ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE**. All pending motions, including Unique's motion to dismiss (Dkt. 24) and Plaintiff's motion to amend the summons and complaint (Dkt. 36), are **STRICKEN** as moot.

    The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

    Dated this 31st day of December, 2012.

                              ROBERT J. BRYAN
                                United States District Judge